**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **STACEY D. REXWINKLE,** | ) | |
| **Plaintiff,** | ) | **Case No. _____** |
| | ) | |
| **v.** | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| **COFFEYVILLE REGIONAL** | ) | |
| **MEDICAL CENTER, INC.,** | ) | |
| **Defendant.** | ) | |

## COMPLAINT

COMES NOW, the Plaintiff, Stacey D. Rexwinkle (hereinafter "Plaintiff"), by and through her undersigned counsel, Bruce Alan Brumley and Chloe Elizabeth Davis and for her causes of action against Defendant, Coffeyville Regional Medical Center, Inc. (hereinafter "Defendant"), states the following:

## PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff is an individual residing in Montgomery County, Kansas.

2.     Defendant is a Kansas Not For Profit Corporation doing business in Kansas within the boundaries of Montgomery County, Kansas. This defendant may be served with process via their Registered Agent located in Coffeyville, Montgomery County, Kansas.

3.     This action arises under Title VII of the Civil Rights Act of 1964 and the Kansas Act Against Discrimination related to various sections including employment, discrimination, retaliation, harassment, attorney's fees, and compensatory and punitive damages.

4.     For the claims enumerated herein that arise under federal law, this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

5.     For the claims enumerated herein that arise under state law, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as Defendant is subject to the Court's personal jurisdiction within this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7.      Plaintiff incorporates by reference all aforementioned paragraphs 1 through 6 as if fully set forth herein.

8.      Plaintiff dually filed separate Charges of Discrimination with the Kansas Human Rights Commission (hereinafter "KHRC") against the Defendant on or about December 18, 2020. The complaints were dual filed with the Equal Employment Opportunity Commission (hereinafter "EEOC").

9.      Plaintiff was issued her Notice of Right to Sue letter by the United States Equal Employment Opportunity Commission on or about dated May 31, 2022.

10.      Plaintiff's claims herein were subject to the KHRC/EEOC investigation referenced above.

11.      Plaintiff has exhausted her administrative remedies pursuant to 29 C.F.R. 1601, *et. seq.* or any other rule, law, statute, or regulation.

12.      Plaintiff has fully complied with any and all administrative and jurisdictional prerequisites to the institution of this action in this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

13.      Plaintiff incorporates by reference all aforementioned paragraphs 1 through 12 as if fully set forth herein.

14.      Plaintiff was hired by Defendant as a paramedic in approximately 2006.

15.      While working for Respondent as a paramedic, Claimant worked in a subordinate position to an individual named Jim Wilhelms (hereinafter "Mr. Wilhelms").

16.     While working subordinate to Mr. Wilhelms, Plaintiff experienced discrimination, retaliation, and harassment on the basis of Plaintiff's sex at the hands of Mr. Wilhelms.

17.     Claimant was the only female member of her department for several years.

18.     In approximately November 2018, Plaintiff was constructively discharged from her employment with Defendant in an act of discrimination and retaliation related to the hostile work environment and Defendant's failure to intervene, all in violation of her state and federal rights prescribed by Title VII of the Civil Rights Act of 1964 and the Kansas Act Against Discrimination.

19.     In approximately November 2019, Plaintiff returned to her employment with Defendant, because although she dreaded interacting with Mr. Wilhelms, she missed her work as a paramedic.

20.     Shortly after Plaintiff returned to her employment with Defendant, Mr. Wilhelms' discriminatory, retaliatory, and harassing behavior began again. Within 90 days of returning to work for Defendant, Plaintiff requested a transfer out of the department wherein she worked subordinate to Mr. Wilhelms.

21.     Defendant transferred Plaintiff to Defendant's "maintenance" department. However, in March 2020, Defendant requested that Plaintiff return to working in a medical personnel position that placed her again under the supervision of Mr. Wilhelms.

22.     Then, in approximately September 2020, a co-worker of Plaintiff's approached Plaintiff and informed her that Mr. Wilhelms had been exhibiting instances of sexual harassment toward female paramedic trainees.

23.     Plaintiff informed Defendant of what she had been informed regarding the behavior of Mr. Wilhelms toward the female paramedic trainees, in addition to her own experiences of

illegal harassment and discrimination with Mr. Wilhelms, during a meeting with Defendant's Chief Nursing Officer and Chief Executive Director.

24.     The meeting referenced in paragraph #23 lasted less than eight minutes in duration. Neither Defendant's Chief Nursing Officer nor Defendant's Chief Executive Director asked a single question.

25.     One week from the date that Plaintiff complained to Defendant's Chief Nursing Officer and Chief Executive Director regarding Mr. Wilhelms' behavior, Defendant abruptly terminated Plaintiff's employment on November 12, 2020.

26.     Upon inquiry as to the basis for her termination, Defendant's Human Resources Representative informed Plaintiff that Kansas "is a right to work state and we don't have a reason to give you." Plaintiff proceeded to ask, "so I can't even ask?" before Defendant's Human Resources Representative stated, "no, you may not."

27.     The unlawful behavior of Mr. Wilhelms and Defendant spanning from approximately 2006 until 2020 falls under the continuing course of conduct doctrine adopted by this Court in *Martin v. Nannie & Newborns*, 3 F.3d 1410, 1415 (10th Cir. 1993).

28.     Plaintiff is a forty-eight-year-old female.

29.     Plaintiff was not terminated for cause and the termination was in bad faith, based in discrimination, and in retaliation, as described throughout this complaint.

30.     Defendant is a qualified covered entity under Title VII of the Civil Rights Act of 1964 and the Kansas Act Against Discrimination, as Defendant engages in commerce and has more than fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

31.     Plaintiff was terminated immediately after reporting multiple instances of sexual harassment by a male superior on to Plaintiff and other female employees, which occurred on the basis of sex.

32.     Plaintiff complained to supervisors and persons with authority at Defendant's workplace on multiple occasions asking that such harassment, discrimination, and retaliation based on sex cease and stop.

33.     Defendant took no action to intervene or prevent the harassment and discrimination taking place at Defendant's workplace based on sex.

34.     Defendant terminated Plaintiff due to her complaints regarding the harassment by a male superior on to Plaintiff and other female employees, which occurred on the basis of sex, an act of retaliation by Defendant.

35.     The termination described through this complaint was discriminatory and also in retaliation for reporting this aforementioned discrimination and harassment due to sex.

## COUNT I – HARASSMENT ON THE BASIS OF SEX RESULTING IN A HOSTILE WORK ENVIRONMENT CONSTITUTING DISCRIMINATION ON THE BASIS OF SEX IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND THE KANSAS ACT AGAINST DISCRIMINATION

36.     Plaintiff incorporates by reference all aforementioned paragraphs 1 through 34 as if fully set forth herein.

37.     Plaintiff was subject to unwanted harassment on the basis of her sex by a superior that was severe or pervasive enough to alter the conditions of Plaintiff's employment and created an abusive working environment.

38.     Plaintiff began experiencing sexual harassment by a superior when the superior would ask intimate and inappropriate questions related to Plaintiff's personal life.

39.     Plaintiff began experiencing sexual harassment by a superior when the superior would make intimate and inappropriate comments related to Plaintiff's personal life.

40.     Plaintiff began experiencing sexual harassment by a superior when the superior would make intimate and inappropriate comments to Plaintiff related to the superior's own personal life.

41.     Plaintiff began experiencing sexual harassment by a superior when the superior would physically intimidate Plaintiff by invading her personal space.

42.     Plaintiff began experiencing sexual harassment by a superior when the superior would make sexual remarks related to her employment evaluations.

43.     Plaintiff began experiencing sexual harassment by a superior when the superior would corner and intimidate Plaintiff in confined and secluded areas.

44.     This treatment was extremely unwelcome, physically threatening, embarrassing, humiliating, was ongoing in nature, and due to Plaintiff's sex.

45.     The sexual harassment by Plaintiff's superior took place at Defendant's workplace during Plaintiff's designated worktimes while both Plaintiff and the superior were under the control and direction of Defendant.

46.     Plaintiff complained to appropriate members of her supervision about the harassment she and other female employees were experiencing by the superior.

47.     Defendant herein this case had knowledge of the sexual harassment toward Plaintiff and other female employees, as evidenced by Plaintiff's multiple complaints to Defendant referencing the behavior.

48.     Defendant failed to take any meaningful action to prevent or cease the sexual harassment by Plaintiff's superior and negligently and recklessly failed to recognize and deal with the harassment.

49.     Defendant has failed to properly train their supervisors concerning their duties and obligations under civil rights laws, including Title VII of the Civil Rights Act of 1964 and the Kansas Act Against Discrimination.

50.     Defendant's discriminatory conduct herein this case maliciously or recklessly violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964 and the Kansas Act Against Discrimination, and such a violation is sufficient to warrant an award of punitive damages.

51.     As a direct and proximate result of all of Defendant's discriminatory actions herein this case, Plaintiff has suffered and will continue to suffer emotional distress, humiliation, a deprivation of income, as well as other monetary and non-monetary damages.

52.     Plaintiff is entitled to attorney's fees as provided in Title VII of the Civil Rights Act of 1964 and the Kansas Act Against Discrimination and for the fees and costs in bringing this action.

WHEREFORE, Plaintiff prays the Court enter judgment in her favor against Defendant on Count I of Plaintiff's Complaint, finding that she was subject to ongoing sexual harassment constituting a hostile work environment in violation of Title VII of the Civil Rights Act of 1964 and the Kansas Act Against Discrimination, for an award of back pay and benefits including interest, an award of front pay and benefits including interest, an award of compensatory and punitive damages, the costs of this action, reasonable attorneys' fees, and for other such relief as the Court deems just and equitable.

## <u>COUNT II – RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND THE KANSAS ACT AGAINST DISCRIMINATION</u>

53.     Plaintiff incorporates by reference all aforementioned paragraphs 1 through 51 above as if fully set forth herein.

54.     Plaintiff engaged in protected activity protected by Title VII of the Civil Rights Act of 1964 and the Kansas Act Against Discrimination by opposing discrimination and bringing her complaints before Defendant's Chief Nursing Officer and Chief Executive Director.

55.     Subsequent to and as a result of Plaintiff engaging in protected activity, Defendant terminated Plaintiff's employment.

56.     Defendant did not take Plaintiff's complaints in good faith, and instead retaliated against such complaints, discriminated against Plaintiff on the basis of her sex, including refusal to intervene in the hostile work environment and ultimately terminating Plaintiff's employment.

57.     Defendant terminated Plaintiff in retaliation for Plaintiff exercising her legally protected opposition to a workplace ridden with discrimination against her sex.

58.     Defendant terminated Plaintiff in retaliation to Plaintiff objecting to a workplace dominated by harmful and incessant discrimination toward Plaintiff and other female employees.

59.     Defendant herein this case failed to take reasonable steps to protect Plaintiff and other female employees from retaliation.

60.     Defendant herein failed to properly train its supervisors concerning their duties and obligations under civil rights laws, including Title VII of the Civil Rights Act of 1964 and the Kansas Act Against Discrimination.

61.     Defendant's conduct herein maliciously or recklessly violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964 and the Kansas Act Against Discrimination and such a violation is sufficient to warrant an award of punitive damages.

62.     As a direct and proximate result of Defendant's actions and retaliation herein, Plaintiff has suffered and will continue to suffer emotional distress, humiliation, a deprivation of income, as well as other monetary and non-monetary damages.

63.     Plaintiff is entitled to attorney's fees for this retaliation, requiring the bringing of this claim as provided in Title VII of the Civil Rights Act of 1964 and the Kansas Act Against Discrimination, and for the fees and costs incurred in bringing this action.

WHEREFORE, Plaintiff prays the Court enter judgment in her favor against Defendant on Count II of her Complaint, finding that Plaintiff was terminated in retaliation for opposing discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Kansas Act Against Discrimination, for an award of back pay and benefits including interest, an award of front pay and benefits including interest, an award of compensatory and punitive damages, the costs of this action, reasonable attorney's fees, and for other such relief as the Court deems just and equitable.

## DAMAGES

64.     Plaintiff incorporates by reference all aforementioned paragraphs 1 through 62 above as if full set forth herein.

65.     Defendant herein discriminated against Plaintiff on the basis of her sex with malice and reckless indifference as to the legally protected rights of the Plaintiff.

66.     As a result, Plaintiff has suffered monetary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, among other non-monetary damages.

67.     Defendant has more than five hundred employees.

68.     Plaintiff prays for compensatory and punitive damages in the amount of $300,000.00, as Defendant employees five hundred or more employees.

69.     Plaintiff prays for injunctive relief in the form of reinstatement with backpay including benefits and interest incurred.

70.     Plaintiff alternatively prays for injunctive relief in the form of backpay including benefits with interest incurred, and front pay including benefits with interest incurred, in place of reinstatement.

71.     Plaintiff prays for damages in the amount of reasonable attorney's fees.

72.     Plaintiff prays for damages in the amount of court costs incurred in bringing this action.

73.     Plaintiff prays for any other damages and relief as this Court may deem necessary, just, and equitable as allowed by Title VII of the Civil Rights Act of 1964 and the Kansas Act Against Discrimination or any other relevant source of law related to these claims or within the power of the Court.

WHEREFORE, Plaintiff prays the Court enter judgment in her favor against Defendant on all Counts of her Complaint, finding that Plaintiff was terminated in an act of discrimination and in an act of retaliation for opposing discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Kansas Act Against Discrimination. Plaintiff prays for an award of compensatory and punitive damages in the amount of $300,000.00, an award of back pay and benefits including interest, an award of front pay and benefits including interest, an award of reasonable attorney's fees, an award of the costs of this action, and for other such relief as the Court deems just and equitable.

Respectfully submitted,

/s/Bruce Alan Brumley
/s/Chloe Elizabeth Davis
BRUCE ALAN. BRUMLEY, #16066
CHLOE E. DAVIS, #28517
BRUMLEY LAW OFFICE
2348 SW Topeka Blvd. Suite 201
Topeka, KS 66611
(785) 267-3367
chloe@brucebrumleylaw.com
bruce@brucebrumleylaw.com

## DEMAND FOR JURY TRIAL

COMES NOW, the Plaintiff, and pursuant to Federal Rule 38(b)(1), demands a trial by jury

on all of these issues in the above-captioned case.

Respectfully submitted,

*/s/Bruce Alan Brumley*
*/s/Chloe Elizabeth Davis*
BRUCE A. BRUMLEY, #16066
CHLOE E. DAVIS, #28517
BRUMLEY LAW OFFICE
2348 SW Topeka Blvd. Suite 201
Topeka, KS 66611
(785) 267-3367
chloe@brucebrumleylaw.com
bruce@brucebrumleylaw.com